# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GERALD E. SLASEMAN,

        Plaintiff,

v.                                     Case No:   6:23-cv-1346-CEM-LHP

STATE OF FLORIDA, MARION
COUNTY JUDICIAL CENTER,
GREGORY HARRELL and THOMAS
P. THOMPSON, III ,

        Defendants

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)** |
| **FILED:** | **July 18, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND.

On July 18, 2023, Plaintiff Gerald E. Slaseman, appearing *pro se*, instituted this action against the above-named Defendants by filing an unsigned, untitled document, which the undersigned refers to hereinafter as the "complaint."   Doc. No. 1.   The complaint asserts a "civil tort" and seeks $250,000.00 in damages due solely to the following facts:

1.     This Case of Action arises from a Criminal Case 20-ct-003705-ax and 422021-cf-003193 in Marion County, Florida styled STATE OF FLORIDA Vs. GERALD E. SLASEMAN.

2.     By where GERALD E. SLASEMAN was acquitted, but has sustained a significant amount of expenses in his defense as well as unlawful fees being charged by the Clerk of Court (Marion County Judicial Center).

3.     The Plaintiff recently went onto the Marion County Judicial Centers website to verify that the case was closed with no other issues, when it was discovered that a due balance of $96.00 has been placed against him.

4.     The plaintiff called the Clerk of Court to have the fee removed, Being an acquitted defendant under Fla. Stat. 939.06 it is recognized that such acquitted defendants shall be liable for NO expenses.

5.     Furthermore pursuant to Florida Statutes Chapter 57 as an acquitted defendant in a case initiated by the STATE, the plaintiff should be able to recover his out of pocket expenses.

6.     Plaintiff suffered loss of time for two years defending against this case that should have been dismissed when the officer that issued the citation under oath stated, "at no time whatsoever did he see GERALD E. SLASEMAN driving or even moving any vehicle.

Case 6:23-cv-01346-CEM-LHP   Document 9   Filed 08/28/23   Page 3 of 9 PageID 56

7.    Therefore Plaintiff Gerald Slaseman hereby ask this honorable court to rule in favor of plaintiff due to the facts of evidence provided.

*Id.* at 2–3.

Plaintiff has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs, *see* Doc. No. 2, which has been construed as a motion to proceed *in forma pauperis*.  The motion to proceed *in forma pauperis* has been referred to the undersigned, and the matter is ripe for review.

## II.    STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.  First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(1).  Second, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief.  *Id.* § 1915(e)(2)(B)(i)–(iii).[1]

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

- 3 -

U.S. 544, 557 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.*

Additionally, under Federal Rule of Civil Procedure 12(h)(3), a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case.   *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[2] "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary."   *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (citations omitted).[3]

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."   *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.   Moreover, a *pro se*

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."   *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.   ANALYSIS.**

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff may qualify as a pauper pursuant to § 1915(a)(1).   However, Plaintiff's complaint (Doc. No. 1) fails to state a claim within the Court's jurisdiction, and the undersigned will recommend that it be dismissed under § 1915.

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.   This Court has jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or where the amount in controversy exceeds $75,000.00 and there is diversity of citizenship between the parties, 28 U.S.C. § 1332(a).

Upon review, Plaintiff's complaint fails to demonstrate that the Court has jurisdiction over this matter.   Plaintiff purports to bring a "civil tort," and no federal claim is discernable from the face of the complaint.   Doc. No. 1, at 2.   But Plaintiff states no basis for diversity jurisdiction, as he does not allege his citizenship nor the citizenship of Defendants, although he notably lists Florida addresses for

each of the parties.   *See id.* at 1, 2.   Accordingly, Plaintiff's complaint is due to be dismissed for failure to allege a basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").   *See also Burns v. Essex Partners, Inc.*, No. 6:18-cv-2143-Orl-37DCI, 2019 WL 1093440, at *1 (M.D. Fla. Jan. 16, 2019) (*sua sponte* dismissing *pro se* complaint for failure to allege diversity of citizenship between the parties).

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint.   *See Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002))).   It is at least possible that Plaintiff could file an amended complaint stating a claim within this Court's jurisdiction, and thus, the undersigned will recommend that Plaintiff be permitted one opportunity to amend.   However, the undersigned notes that the allegations of the current complaint relate to state court criminal proceedings in Marion County.   *See* Doc. No. 1.   Plaintiff does not allege in the complaint why he filed this action in the Orlando Division of the Middle District, or why the Orlando Division would be the proper venue for his claims.   *Id.   See also* Local Rule 1.04.

Thus, should Plaintiff be permitted leave to amend, he must explain why venue in the Orlando Division is proper.   *See* Local Rule 1.04.   *See also McMahon v. Port Imperial Ferry Corp.*, No. 14-14224-CIV, 2014 WL 12862307, at *1 (S.D. Fla. June 4, 2014), *report and recommendation adopted*, 2014 WL 12862445 (S.D. Fla. June 18, 2014) (denying motion to proceed *in forma pauperis* without prejudice and requiring an amended complaint to contain, among other things, specific facts establishing venue).   Alternatively, of course, Plaintiff may file a complaint in the appropriate state court, or in a different Division of the Middle District (*i.e.*, the Ocala Division), as appropriate.

Plaintiff is cautioned that should he file an amended complaint in this Court, he must comply with the federal pleading requirements.   *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10.   As an initial matter, Plaintiff must sign the amended complaint. In addition, in an amended complaint, Plaintiff must clearly allege the legal basis for the Court's jurisdiction, whether federal question, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C. § 1332(a).   Further, Plaintiff shall include allegations as to why venue in this Court is proper.   *See* Local Rule 1.04.

Further, in an amended complaint, Plaintiff must clearly allege the legal basis for each cause of action, whether a constitutional provision, treaty, statute, or common law.   Plaintiff must name as Defendants those persons who are responsible for the alleged violations.   He must allege in the body of the amended

complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated his rights.   Plaintiff must allege some causal connection between each Defendant named and the injury he allegedly sustained.   Plaintiff must also allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs his attention to the Court's website, http://www.flmd.uscourts.gov.   On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers.

## IV.   RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.   **DENY without prejudice** the motion to proceed *in forma pauperis* (Doc. No. 2);

2.   **DISMISS** the complaint without prejudice (Doc. No. 1); and

3.   **PERMIT** Plaintiff to file an amended complaint, within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*.

## **NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 28, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy